IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLINTON SAMUEL TEASLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-588-T |
| ) | WO |
| ) | |
| CHERYL PRICE, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Clinton Samuel Teasley ["Teasley"], a state inmate, January 4, 2005.[1] In this petition, Teasley challenges convictions for second degree kidnapping and first degree attempted rape entered against him by the Circuit Court of Coosa County, Alabama on August 8, 1996.

**DISCUSSION**

The records of this court reveal and the petitioner concedes that he filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 challenging his 1996 convictions. *See Teasley v. Holt, et al.*, Civil Action No. 99-A-148-N (M.D. Ala. 2001).

---

[1] A review of the initial document filed by the petitioner establishes this date as the earliest date the instant petition could have been presented to prison officials for submission to a federal court. Thus, this court construes January 4, 2005 as the date of filing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

In this initial habeas action, this court determined that Teasley's challenges to the indictment and his claims of trial court error were procedurally defaulted. *Teasley v. Holt*, *supra*, - *Recommendation of the Magistrate Judge* at 6-9 (adopted as opinion of the court by Order of August 27, 2001). The court likewise held that Teasley's challenge to the constitutionality of his guilty plea entitled him to no relief as this claim had been properly adjudicated on the merits by the state courts. *Recommendation* at 9-11. Additionally, the petitioner's challenge to actions taken by Rule 32 counsel and his claims related to the state collateral proceeding were deemed without merit. *Supplemental Recommendation of the Magistrate Judge* at 2 (adopted as opinion of the court by Order of August 27, 2001). Finally, this court determined that Teasley failed to present any evidence of actual innocence. *Recommendation* at 8-9; *Supplemental Recommendation* at 3. The Eleventh Circuit Court of Appeals affirmed this court's decision to deny Teasley's habeas petition. *See December 5, 2001 Order of Eleventh Circuit Court of Appeals*.

"Before a second or successive application [for habeas corpus relief] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel] determines that the application

makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).  Teasley asserts that he undertook appropriate action and received the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to entertain the instant successive petition for habeas corpus relief.  *May 10, 2005 Answer of Petitioner - Court Doc No. 9* at 1.  However, the exhibits filed by Teasley in support for his claim of having received the requisite authorization actually belie this position.  Specifically, the document submitted by Teasley to the Eleventh Circuit, *Petitioner's Exhibit B*, did not request an order from the appellate court authorizing this court to consider a successive application for habeas petition as required by the provisions of 28 U.S.C. § 2244(b)(3)(A); rather, Teasley simply styled his pleading as a federal habeas action.  *Id*.  Moreover, the only response from the Eleventh Circuit was a letter prepared by an employee of the Clerk's office.  In this correspondence, the Eleventh Circuit did not construe "[Teasley's] Writ for Habeas Corpus Relief" as a request for leave to file a successive application under 28 U.S.C. § 2254, but regarded the pleading only as an original application for habeas relief.  *Petitioner's Exhibit A*.  The Clerk's designee therefore returned the documents to Teasley "without action."  *Id*.

It is clear from the foregoing that the petitioner has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief.  "Because this undertaking [is

3

Teasley's] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be summarily dismissed. *Gilreath*, 273 F.3d at 934.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by filed by Clinton Samuel Teasley on January 4, 2005 be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as the petitioner has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas application.[2]

---

[2] The court notes that any § 2254 petition filed by the petitioner is likewise subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Moreover, the court finds that there are no circumstances present in this case which "would entitle [petitioner] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay . . . because the limitations period had already expired before he filed" the instant habeas action. *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

It is further

ORDERED that the parties shall file any objections to the Recommendation on or before July 6, 2005.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 23rd day of June, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE